**JACK OSWALD (OSB #871330)**
**VIRGINIA G. MITCHELL (OSB #850681)**
**OSWALD & MITCHELL**
**12100 S.W. Allen Boulevard**
**Beaverton, Oregon 97005**
**oswaldmitchell@aol.com**
**T: (503) 626-7917 F: (503) 671-9398**

Attorneys for Plaintiff
JOHN MARTIEN

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOHN MARTIEN, | CASE NO. |
| Plaintiff, | COMPLAINT<br>Wage Claim Action |
| v. | (29 U.S.C. §207(a)(1); 29 U.S.C. § 206;<br>ORS 653.025, ORS 653.261(1)) |
| SKC INVESTMENT, INC., MITCHELL<br>STANLEY, MELLONIE MARTIN and<br>DALE LEWIS, | |
| Defendants. | <u>DEMAND FOR JURY TRIAL</u> |

Plaintiff John Martien alleges as follows:

1.  This is an action for unpaid minimum and overtime wages under federal and state law.

PARTIES

2.  Plaintiff is a resident of Portland, Oregon.

3.  Defendant SKC Investment, Inc. is now and has been at all times material herein an Oregon corporation with its principal place of business in Portland, Oregon.  Plaintiff is informed and believes, and on that basis alleges, that defendants Mitchell Stanley, Mellonie

Martin and Dale Lewis have been at all times material herein an employer of plaintiff pursuant to 29 U.S.C. §203(d) and ORS 652.310(1).

JURISDICTION AND VENUE

4. Jurisdiction of this Court is founded on 28 U.S.C. §1331 and 28 U.S.C. §1367(a) and venue is founded on U.S.C. §1391.

FIRST CLAIM FOR RELIEF

(Failure to Pay Minimum Wages)

(In Violation of 29 U.S.C. §206)

5. Plaintiff realleges paragraphs 1-4 above.

6. At all times material herein defendant SKC owned and operated a business managing adult dance clubs in Oregon, doing business as Club 205 and Heat Gentleman's Club. At all times material herein defendants Mitchell Stanley, Mellonie Martin and Dale Lewis managed the operations of the defendant corporation, including controlling the hiring and compensation of employees including plaintiff.

7. Plaintiff worked as a disc jockey for defendants from March 20, 2010 to July 28, 2013. At all material times herein, defendants engaged in interstate commerce, had more than two employees and had annual gross revenues greater than $500,000.00.

8. While so employed by defendants plaintiff was to not paid for his labor even though plaintiff usually worked between 40-63 hours every work week from March 20, 2010 to July 28, 2013. Therefore, defendants failed to pay plaintiff the federal minimum wage of $7.25 per hour for all of the weeks plaintiff worked for defendants, in the total amount of $22,250.25 of earned but unpaid federal minimum wages in violation of 29 U.S.C. §207(a)(1). Defendants' failure to pay the federal minimum wage to plaintiff was willful in that they either knew, or

showed reckless disregard, of their duty to pay plaintiff the federal minimum wage.

9.  Plaintiff is due liquidated damages equal to the amount of unpaid federal minimum wages pursuant to 29 U.S.C. §216(b).

10.  Plaintiff is entitled to recover the attorneys' fees he has and will incur in prosecution of this action pursuant to 29 U.S.C. §216(b).

SECOND CLAIM FOR RELIEF

(Failure to Pay Oregon Minimum Wage)

(In Violation of ORS 653.025)

11.  Plaintiff realleges paragraphs 1-4 and 6-7 above.

12.  While so employed by defendants plaintiff was to not paid for his labor even though plaintiff worked 36 hours  every work week from March 20, 2010 to July 28, 2013. Therefore, defendants failed to pay plaintiff the Oregon minimum wage of $8.40 per hour for all of the weeks plaintiff worked for defendants in 2010, $8.50 per hour for all of the weeks plaintiff worked for defendants in 2011, of $8.80 per hour for all of the weeks plaintiff worked for defendants in 2012, and of $8.95 per hour for all of the weeks plaintiff worked for defendants in 2013, in the total amount of $68,543.55 of earned but unpaid Oregon minimum wages in violation of ORS 653.025.

13.  Plaintiff was terminated by defendants' employment on or about July 28, 2013.  Plaintiff is informed and believe, and therefore alleges that, at the time the wages became due to plaintiff, defendants were financially able to pay the wages but willfully withheld payment of them, and have not paid them since the termination of plaintiff's employment with defendants, therefore there is now due from defendants to plaintiff as a statutory penalty for the nonpayment of earned minimum wages in the sum of $2,148.00 pursuant to ORS 652.150 and for failure to

pay all wages owed at plaintiff's termination of employment with plaintiff.  On or about March 25, 2015, counsel for plaintiff wrote to counsel for defendants demanding payment of plaintiff's past due minimum wages but defendants have not paid such past due wages.

14.  Plaintiff is entitled to recover the attorneys' fees he has incurred and will incur in prosecution of this action pursuant to ORS 652.150.

15.  Plaintiff is also entitled to recover prejudgment interest at the legal rate from the time such wages should have been paid until paid.

THIRD CLAIM FOR RELIEF

(Failure to Pay Overtime Wages)

(In Violation of 29 U.S.C. §207(a)(1))

16.  Plaintiff realleges paragraphs 1-4, and 6 above.

17.  For almost all of the weeks that the plaintiff worked for defendants he worked between 40 and 63 hours, but plaintiff was not paid for the overtime hours that he worked. Defendants' failure to pay overtime to plaintiff was willful in that they either knew, or showed reckless disregard, of their duty to pay plaintiff overtime.

18.  At the time plaintiff left defendants' employment plaintiff was not paid $1.948.10 in overtime pay in violation of 29 U.S.C. §207(a)(1).

19.  Plaintiff is due liquidated damages equal to the amount of unpaid overtime pursuant to 29 U.S.C. §216(b).

20.  Plaintiff is entitled to recover the attorneys' fees he has and will incur in prosecution of this action pursuant to 29 U.S.C. §216(b).

FOURTH CLAIM FOR RELIEF

(Failure to Pay Oregon Overtime Wages)

21.  Plaintiff realleges paragraphs 1-4 and 6-7 above.

22.  For almost all of the weeks that the plaintiff worked for defendants he worked between 40 and 63 hours, but plaintiff was not paid for the overtime hours that he worked.

23.  At the time plaintiff terminated his employment with defendants, he was not paid a total of $595.18 in overtime pay, in violation of ORS 652.140 and ORS 653.261(1).

24.  Plaintiff left defendants' employment on or about July 28, 2013.  Plaintiff is informed and believe, and therefore alleges that, at the time the wages became due to plaintiff, defendants were financially able to pay the wages but willfully withheld payment of them, and have not paid them since the termination of plaintiff's employment with defendants, therefore there is now due from defendants to plaintiff as a statutory penalty for the nonpayment of earned minimum wages in the sum of $2,148.00 pursuant to ORS 652.150 and for failure to pay all wages owed at plaintiff's termination of employment with plaintiff.  On or about March 25, 2015 counsel for plaintiff wrote to counsel for defendants demanding payment of plaintiff's past due minimum wages but defendants have not paid such past due wages.

25.  Plaintiff is entitled to recover the attorneys' fees he has incurred and will incur in prosecution of this action pursuant to ORS 652.150.

26.  Plaintiff is also entitled to recover prejudgment interest at the legal rate from the time such wages should have been paid until paid.


WHEREFORE, plaintiff prays for judgment against the defendants as follows:

1.  On his First Claim for Relief:

A.  The sum of $22,250.25 for earned but unpaid minimum wages.

B.  Liquidated damages of $22,250.25, which is equal to the amount of unpaid

minimum wage pursuant to 29 U.S.C. §216(b);

    C.  Plaintiff's reasonable attorneys' fees.

    D.  An award of costs and disbursements.

    E.  For such other and further relief as the court deems just and proper.

  2.  On his Second Claim for Relief:

    A.  The sum of $68,543.55  for earned but unpaid wages.

    B.  The penalty pursuant to ORS 652.150 in the amount of $2,148.00 for failure to pay minimum wages.

    C.  The penalty pursuant to ORS 652.150 in the amount of $2,148.00 for failure to pay wages owed at termination of employment.

    D.  Pre-judgment interest on unpaid wages at the legal rate in an amount to be proved at trial.

    E.  Plaintiff's reasonable attorneys' fees.

    F.  An award of costs and disbursements.

    G.  For such other and further relief as the court deems just and proper.

  3.  On his Third Claim for Relief:

    A.  The sum of $1,948.10 for earned but unpaid overtime wages.

    B.  Liquidated damages of $1,948.10, which is equal to the amount of unpaid overtime pursuant to 29 U.S.C. §216(b);

    C.  Plaintiff's reasonable attorneys' fees.

    D.  An award of costs and disbursements.

    E.  For such other and further relief as the court deems just and proper.

    H.  For such other and further relief as the court deems just and proper.

4.  On his Fourth Claim for Relief:

A.  The sum of $595.18 for earned but unpaid overtime wages.

B.  The penalty pursuant to ORS 652.150 in the amount of $2,148.00 for failure to pay overtime wages.

C.  The penalty pursuant to ORS 652.150 in the amount of $2,148.00 for failure to pay wages owed at termination of employment.

D.  Pre-judgment interest on unpaid wages at the legal rate in an amount to be proved at trial.

E.  Plaintiff's reasonable attorneys' fees.

F.  An award of costs and disbursements.

G.  For such other and further relief as the court deems just and proper.

DATED: April 17, 2015.                     OSWALD & MITCHELL

                                           /s/ Jack Oswald
                                           Jack Oswald (OSB #871330)
                                           Attorneys for Plaintiff
                                           JOHN MARTIEN


                          JURY DEMAND

Plaintiff respectfully demands trial by jury.

DATED: April 17, 2015.                     OSWALD & MITCHELL

                                           /s/ Jack Oswald
                                           Jack Oswald (OSB # 871330)
                                           Attorneys for Plaintiff
                                           JOHN MARTIEN


PAGE 7 – COMPLAINT